# EXHIBIT A

| | |
|---|---|
| Attorney(s) Christopher P. Kelly | **Superior Court of** |
| Office Address Reppert Kelly, LLC | **New Jersey** |
| 120 Mountain View Blvd., P.O. Box 509 | |
| Town, State, Zip Code Basking Ridge, NJ 07920 | |
| Telephone Number (908) 605-2120 | Hudson COUNTY |
| Attorney(s) for Plaintiff Arthur Bossert | Law DIVISION |

ARTHUR BOSSERT

Docket No: L-3877-11

Plaintiff(s)

Vs.

TROPICANA PRODUCTS, INC. and MILK DRIVERS

AND DAIRY EMPLOYEES LOCAL NO. 584, IBT

Defendant(s)

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/S/ Jennifer M. Perez
Jennifer M. Perez,
Acting Clerk of the Superior Court

DATED: 07/29/2011

Name of Defendant to Be Served: Milk Drivers & Dairy Employees Local 584

Address of Defendant to Be Served: 73 Hudson Street, New York, NY 10013

NOTE: The Case Information Statement is available at www.njcourts.com.

Revised 09/01/2010, CN 10792-English (Appendix XII-A)                                              page 1 of 4

FILED
CUSTOMER SERVICE TEAM
JUL 22 2011
SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #5

REPPERT KELLY, LLC
120 Mountain View Boulevard
P.O. Box 509
Basking Ridge, New Jersey 07920
Attorneys for Plaintiff

---

| | |
|---|---|
| ARTHUR BOSSERT, | : |
| Plaintiff, | : SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| vs. | : DOCKET NO. L-3877-11 |
| TROPICANA PRODUCTS, INC. and | : Civil Action |
| MILK DRIVERS AND DAIRY | |
| EMPLOYEES LOCAL NO. 584, I.B.T., | : **COMPLAINT** |
| Defendants. | : |

---

Plaintiff, Arthur Bossert ("plaintiff" or "Bossert"), by and through his attorneys, Reppert Kelly, LLC, for his complaint against defendants Tropicana Products, Inc. ("Tropicana") and Milk Drivers and Dairy Employees Local No. 584, I.B.T. (Local 584") (both are collectively referred to as "defendants"), alleges as follows:

### INTRODUCTION

1. This is an action for breach of settlement agreement, breach of duty of fair representation and breach of collective bargaining agreement committed by Tropicana and Local 584. Plaintiff seeks specific performance, damages and related legal and equitable relief, as well as costs and attorneys fees.

### THE PARTIES

2. Plaintiff is an adult individual residing at 760 Kennedy Boulevard, Bayonne, New Jersey 07002.

3. Tropicana is a corporation organized and existing under the laws of the State of Delaware. Tropicana operates an orange juice distribution facility located at 9 Linden Avenue E, Jersey City, New Jersey.

4. Local 584 is a labor organization that serves as the certified and exclusive representative of a bargaining unit of employees at Tropicana that included Bossert.

## THE FACTS

5. Bossert was employed by Tropicana from August 9, 2005 to April 21, 2010. At all times relevant hereto, plaintiff was a member of Local 584.

6. Plaintiff held various positions during the course of his employment, the last of which was as a Rail Groundman. In this position, he was responsible for jockeying freight train cars into position for unloading as the cars arrived by rail to deliver product to Tropicana's Jersey City facility.

7. Bossert was terminated from his position on April 20, 2010 following an accident that occurred on April 8, 2010 involving the collision of a train car.

8. Around this same time, Tropicana discharged another employee, Paul Clymore, following a similar, but unrelated accident that resulted in the derailment of a train.

9. Tropicana and Local 584 are parties to a collective bargaining agreement that contains a grievance and arbitration procedure for the resolution of disputes. The collective bargaining agreement provides that "the decision of the arbitrator shall be final and binding upon the parties."

10. Local 584 filed grievances with the Company challenging the discharges of Bossert and Clymore. After the parties were unable to resolve the disputes, Local 584 ultimately filed demands for arbitration of the Bossert and Clymore discharges with the

2

American Arbitration Association ("AAA") in accordance with collective bargaining agreement.

11. The parties selected Richard Adelman, Esq. as the arbitrator in the Bossert arbitration and Martin Ellenberg as the arbitrator in the Clymore arbitration.

12. Plaintiff's arbitration had been scheduled to proceed on September 2, 2010 at the offices of the AAA in New York City. However, approximately one week prior to the arbitration, representatives of Tropicana and counsel for Local 584, John Driscoll, Esq., commenced discussions to settle the Bossert and Clymore matters. The proposed settlement included the reinstatement of Bossert and Clymore to Hi-Lo operator positions within the company, without backpay but with protection from loss of pension credits and seniority rights. In exchange, Local 584 would agree to the elimination of four "rail crew" positions within the bargaining unit.

13. Driscoll communicated the settlement proposal to Bossert, who informed Driscoll that he approved. Driscoll also secured approval of the proposal from Clymore and William Whelan, Local 584's President, which he then communicated to Tropicana's counsel, Alison Maki, Esq., on or about August 27, 2010. Maki accepted the settlement proposal on behalf of Tropicana. The two then agreed to cancel the arbitration scheduled for September 2, 2010 and so informed the AAA.

14. The same day, August 27, 2010, Maki prepared a Memorandum of Agreement ("Agreement") memorializing the terms of the settlement. The parties identified in the Agreement were Tropicana, Local 584, Bossert and Clymore. Maki forwarded four copies of the Agreement to Driscoll, which contained the signature of William Wilson, Tropicana's Vice President of Labor Relations.

3

15. In the meantime, Tropicana requested that Bossert undergo a drug prior to his return to work, which he did on September 2, 2010. Bossert passed the drug screen and was scheduled to return to work on or about September 7, 2010.

16. Just prior to his scheduled return to Tropicana, however, Bossert was informed by Driscoll that Local 584 had changed its mind and would now not agree to the settlement. This was apparently due to pressure from other members of the bargaining unit who were objecting to the loss of the four rail crew positions.

17. Bossert did not consent to the decision by Local 584 to withdraw from the settlement agreement, nor was he consulted with respect to same.

18. Driscoll informed Maki that Local 584 would not be honoring the Agreement because its Executive Board voted to reject it. The approval of the Executive Board was not required under the by-laws or charter of Local 584, however, and was never communicated by Driscoll as a condition precedent to the settlement.

19. Thereafter, Driscoll attempted to reinstate the arbitration claims of Bossert and Clymore. Tropicana rejected that attempt on the grounds that the matter was no longer arbitrable due to the settlement.

20. It was later agreed that the matters would be submitted to arbitration to resolve the threshold question as to whether the parties reached a binding settlement agreement and then, if necessary, whether the claimants were discharged for good cause.

21. Just prior to Clymore's arbitration, Tropicana agreed to reinstate Clymore without backpay in exchange for the withdrawal of his claims. No such offer was made to Bossert.

22. After a long delay, the Bossert arbitration hearing finally proceeded on April 13, 2011 at the offices of the AAA in New York City. At the hearing, Tropicana argued that the grievance was not arbitrable because the parties reached a binding settlement. Local 584 argued that the agreement was not binding because it was never signed and that the Bossert grievance should be heard on the merits.

23. On April 28, 2011, Arbitrator Adelman issued an "Opinion and Award" in which he found that the parties reached a binding settlement agreement and that the grievance of Bossert was not arbitrable.

24. Neither side appealed or moved to vacate the Arbitrator's decision.

25. Thereafter, by letters dated May 20, 2011 and May 25, 2011, Bossert's counsel informed counsel for Local 584 and Tropicana, respectively, that Bossert was prepared to return to work immediately in accordance with the settlement and that he expected that the parties would now honor its terms in light of the Opinion and Award.

26. Notwithstanding Bossert's request, and notwithstanding its successfully argued position that the parties reached a binding settlement agreement, Tropicana has failed and refused to reinstate Bossert to his employment at the company.

27. Likewise, Local 584 has taken no steps to assist Bossert and has taken no action to facilitate the enforcement of the settlement.

28. Bossert has remained unemployed and unable to find alternative work since his termination on April 20, 2010.

## FIRST COUNT

29. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

5

30. The parties entered into an agreement to settle the Bossert grievance on or about August 27, 2010.

31. The settlement provided, among other things, that Bossert be reinstated to his employment at Tropicana as a Hi-Lo operator, with no loss of pension credits or seniority rights, effective on or about September 7, 2010.

32. Bossert was a party to the settlement agreement or, alternatively, was a third party beneficiary to that agreement.

33. The validity of the settlement agreement was upheld in a binding arbitration between the parties by Opinion and Award dated April 28, 2011.

34. Notwithstanding the Opinion and Award, Tropicana and Local 584 have failed and refused to honor the terms of the settlement agreement and Bossert's employment at Tropicana has not been reinstated.

35. Defendants have breached the settlement agreement.

36. As a direct and proximate result of defendants' breach, plaintiff has suffered, and continues to suffer, damages.

## SECOND COUNT

37. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

38. Defendants' failure to abide by the Arbitrator's Opinion and Award constitutes a breach of the collective bargaining agreement, which provides that "the decision of the arbitrator shall be final and binding upon the parties."

39. Likewise, Local 584's initial decision to renege on the settlement agreement without consulting Bossert or otherwise obtaining his consent, and its subsequent failure to

abide by or to take steps to enforce the settlement agreement after its validity was upheld in arbitration, is in breach of its duty of fair representation owed to Bossert.

40. As a direct and proximate result thereof, Bossert has been caused to suffer irreparable injury and damages, including, lost wages and benefits, past and future, emotional and physical distress and mental anxiety.

**WHEREFORE**, plaintiff demands that this Court enter judgment against defendants, as follows:

A. For all damages available under the law, including, but not limited to, compensatory damages, lost wages and benefits;

B. For an Order directing defendants to comply with the terms of the settlement agreement;

C. For an Order directing Tropicana to reinstate Bossert to his employment at Tropicana retroactive to the date of his discharge, with back pay and benefits and without any loss of his seniority or pension rights;

D. For costs of this action, disbursements and reasonable attorneys fees.

E. For prejudgment interest; and

F. For such other and further relief as the Court deems appropriate, just and equitable under the circumstances.

Dated: July 21, 2011

REPPERT KELLY, LLC
Attorneys for Plaintiff

By: _____
      Christopher P. Kelly

7

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify the matter in controversy in the within action is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration is contemplated. I further certify that I am not aware of any other parties who should be joined in this action.

                                                                                              _____
                                                                                              Christopher P. Kelly

Dated: July 21, 2011

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306
                                           TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 217-5162
COURT HOURS

                         DATE:    JULY 26, 2011
                         RE:      BOSSERT VS TROPICANA PRODUCTS INC ET AL
                         DOCKET:  HUD L -003877 11

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON EDWARD T. OCONNOR

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 795-6908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                         ATTENTION:
                                      ATT: CHRISTOPH P. KELLY
                                      REPPERT KELLY LLC
                                      120 MOUNTAIN VIEW BLVD
                                      BASKING RIDGE     NJ 07920-3454

JJULIA
```

<u>Appendix XII-B1</u>

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐ CK  ☐ CG  ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Christopher P. Kelly, Esq. | (908) 605-2120 | Hudson |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Reppert Kelly, LLC | L-3877-11 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 120 Mountain View Boulevard P.O. Box 509 Basking Ridge, New Jersey 07920 | Complaint |
| | JURY DEMAND  ☐ Yes  ☒ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Arthur Bossert, Plaintiff | Arthur Bossert v. Tropicana Products, Inc. and Milk Drivers And Dairy Employees Local No. 584, I.B.T. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ☒ NO |
|---|---|
| 509 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES  ☐ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/20/2011, CN 10517-English                                                                                                 page 1 of 2